IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ANGELA CLEMENTS**,

    Plaintiff,

v.

**MICHAEL J. ASTRUE, Commissioner of Social Security**,

    Defendant.

No. 3:11-cv-03027-MO

OPINION AND ORDER

**MOSMAN, J.**,

Angela Clements challenges the Commissioner's decision denying her claim for Disability Insurance Benefits ("DIB"). I have jurisdiction under 42 U.S.C. § 405(g).

## PROCEDURAL BACKGROUND

On December 24, 2004, Ms. Clements filed for DIB under Title II of the Social Security Act, claiming disability beginning on December 31, 1989. AR 773. The application was denied on March 9, 2005, and upon reconsideration on July 25, 2005. *Id.* Administrative law judge ("ALJ") Gary Elliot held a hearing on April 5, 2007. *Id.* On July 19, 2007, ALJ Elliot issued his decision (the "2007 Decision"), finding Ms. Clements was not disabled prior to June 30, 1991, her date last insured ("DLI"), and therefore denying her claim. *Id.* at 779.

1 – OPINION AND ORDER

The Appeals Council granted review and, on March 18, 2008, vacated the 2007 Decision and remanded for resolution of several issues. *Id*. at 781. Specifically, the Appeals Council remanded for further consideration of a request Ms. Clements had made to submit additional witness testimony, for further consideration of a tape recording Ms. Clements had submitted, and for additional evidence to be submitted from a medical expert. *Id*. at 782.

ALJ Marilyn Mauer then held a hearing on March 23, 2009. *Id.* at 25. On October 19, 2009, ALJ Mauer issued her decision (the "2009 Decision"). She concluded that, after consideration and development of the evidence as required by the Appeals Council, Ms. Clements was not disabled prior to June 30, 1991, her DLI. *Id*. at 29. On January 27, 2011, the Appeals Council denied review of the 2009 Decision, making it the final decision of the Commissioner. *Id*. at 12. Ms. Clements appealed on March 10, 2011.

## THE ALJ'S FINDINGS

ALJ Mauer made her decision based upon the five-step sequential process established by the Commissioner. *See Bowen v. Yuckert*, 482 U.S. 137, 140–41 (1987); 20 C.F.R. § 404.1520 (establishing five-step evaluative process for DIB claims). At step one, she found Ms. Clements had not engaged in substantial gainful activity since the alleged onset date of December 31, 1989. AR 27. At step two, ALJ Mauer concluded that Ms. Clements had failed to establish the existence of any medically determinable impairment during the relevant time period, and therefore Ms. Clements had failed to establish a "severe" medically determinable impairment or combination of impairments. *Id*. Accordingly, ALJ Mauer stopped her analysis at step two and found Ms. Clements was not disabled between the alleged onset date and her DLI. *Id*. at 29.

## STANDARD OF REVIEW

I review the Commissioner's decision to ensure the Commissioner applied proper legal standards and the ALJ's findings are supported by substantial evidence in the record.

2 – OPINION AND ORDER

42 U.S.C. § 405(g); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The reviewing court may not substitute its judgment for that of the Commissioner. *Robbins*, 466 F.3d at 882. "Finally, the court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (quotation omitted).

## DISCUSSION

Ms. Clements raises two arguments. First, she argues the Commissioner did not give adequate weight to a disability determination from the United States Department of Veterans Affairs ("VA"). Second, she argues the Commissioner failed to adequately develop the record.

### I.    Deference to VA Determination

In *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002), the Ninth Circuit held that "although a VA rating of disability does not necessarily compel the SSA to reach an identical result, the ALJ must consider the VA's finding in reaching his decision." The court stressed that the ALJ "must ordinarily give great weight to a VA determination of disability," but held that an "ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." *Id*. Under *McCartney*, an ALJ may not simply rely on the "general ground that the VA and SSA disability inquiries are different." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009).

3 – OPINION AND ORDER

In this case, Ms. Clements filed a claim with the VA in February of 2004, more than twelve years after her DLI. *See* AR 337. The VA determined Ms. Clements was unable to work as of February 24, 2004, due to a combination of three conditions: post-traumatic stress disorder, degenerative joint disease in her right and left knees, and migraine headaches with photobia. AR 333.[1] ALJ Elliot discussed the VA determination at length in the 2007 Decision:

> In reaching this finding, the undersigned finds the State agency physicians and psychologists were not misplaced in finding that the claimant has no medically determinable impairment through the date last insured. In accepting their opinions, the undersigned has considered that the claimant received an award of 100% service-connected disability for posttraumatic stress disorder, bilateral degenerative knee disease and migraine headaches with photophobia as of February 24, 2004, based on medical and psychological examinations by the [VA] in September 2004. In regards thereto, . . . the undersigned can assign less weight to a VA disability rating when, as in this case, there are specific, persuasive and valid reasons for doing so that are supported by the record. Social Security evaluators, by regulation, must determine whether an individual is actually incapable of work. Specifically, 20 CFR § 404.1466 and Social Security Ruling 87-11c direct that Social Security benefits are not awarded solely based on the existence of a physical or mental condition but are payments dependent on the individual's inability to work. Here, all the VA examiners accepted at face value and primarily relied on the self-reports of the claimant, which are not credible through the date last insured given the lack of medical treatment establishing any impairment causing adverse work-related functional consequences at any material time. Moreover, the VA psychiatric examiner was internally inconsistent as the claimant's mental status examination, in spite of her taking no psychotropic medications because of being pregnant, was near normal. In regards to bilateral degenerative knee disease and migraine headaches with photophobia, the VA examiners relied on minimal medical evidence in the military records from 1981 to 1982 and their clinical and/or radiographic findings as of their examinations in September 2004, which are not probative as to the claimant's capacity to work from December 31, 1989 through June 30, 1991. Indeed, the VA physician evaluating the claimant's knee complaints noted that the service medical records did not mention anything other than some temporary pain in the left knee and that there was not much medical evidence for the knees since leaving the military . . . . Thus, the undersigned cannot accept the VA opinions regarding the issue of disability under the Social Security Act.

---

[1] The VA found 70% disability based on plaintiff's PTSD, 10% disability based on the problems with each knee, and 10% disability based on her headaches. The VA concluded that the overall combined disability rating from the three conditions was 80%, but that Ms. Clements was nevertheless unemployable due to her combination of conditions, and should therefore be paid at a 100% disability level. *See* AR 333.

4 – OPINION AND ORDER

*Id*. at 778.

  Plaintiff argues ALJ Elliot should have treated the VA's analysis differently. Her argument on this point, in its entirety, is as follows:

> [ALJ Elliot's] finding is not supported by the evidence. The VA considered treatment reports from the VA Domiciliary in White City, Oregon, reports from Dr. Kulhanin and the Lovelace Medical Center and a psychological evaluation. These are contemporaneous exams and records confirming Plaintiff's contention that she was disabled during the relevant time period.

(Pl.'s Br. [16] 3) (citing AR 338–39).

  This argument fails. Even assuming ALJ Elliot's conclusion about plaintiff's condition in 1990 and 1991 actually contradicts the VA's conclusion that Ms. Clements was unable to work as of February 24, 2004, ALJ Elliot gave sufficient reasons for a contradictory result. In particular, he gave at least three persuasive, specific, and valid reasons, all of which are supported by the record: (a) the VA's 2004 determination conflicts with analysis of state agency physicians and psychologists that was specific to the time period at issue in this case; (b) the VA's analysis was based on plaintiff's subjective reporting, which was not credible for the years 1990 and 1991 because there was no medical evidence of a work-related impairment during those years; (c) the VA's conclusion was based on records from many years after plaintiff's DLI, which are of little probative value in analyzing plaintiff's condition during 1990 and 1991.

  Plaintiff seems to argue that the VA in fact relied on records generated around the same time period that is at issue for her DIB claim. However, the only records plaintiff points to that were generated before 2000 and were considered by the VA consist of reports from the Lovelace Medical Center. *See* AR 338–39. The other materials plaintiff cites for this argument are not "contemporaneous" to the time period at issue. *Id*. As to the Lovelace Medical Center records, a portion of those records go back to 1992. But Ms. Clements does not point to any indication in these records of impairment. And, to the contrary, they consist almost entirely of unexplained

5 – OPINION AND ORDER

blood analysis and do not suggest that Ms. Clements had any medically determinable impairment in the early 1990s.  Accordingly, I find the Commissioner's decision should not be reversed for a failure to properly account for the VA determination.[2]

## II.  Development of the Record

Plaintiff cites *Sims v. Apfel*, 530 U.S. 103 (2000), for the proposition that an ALJ has a duty to "investigate the facts."  (Pl.'s Br. [16] 3).  However, plaintiff does no more with this argument and fails to identify any evidentiary issue that was not properly developed.  Therefore, I reject this argument.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to consider an argument that was not raised "with any specificity").

## CONCLUSION

The Commissioner's decision is supported by substantial evidence and is therefore AFFIRMED.

IT IS SO ORDERED.

DATED this   30th   day of March, 2012.

> /s/ Michael W. Mosman
> MICHAEL W. MOSMAN
> United States District Court

---

[2] Plaintiff does not take issue with the fact that ALJ Mauer did not expressly re-analyze the VA determination in 2009.  That argument would fail for two reasons.  First, ALJ Mauer limited her analysis to the specific issues remanded by the Appeals Council in 2008, thereby implicitly relying on ALJ Elliot's analysis for all other issues.  Second, even if ALJ Mauer did not sufficiently adopt ALJ Elliot's analysis, the error is harmless.  Where the harmlessness of an error is clear, remand is not appropriate.  *McLeod v. Astrue*, 640 F.3d 881, 887 (9th Cir. 2011).  In light of the other evidence in the record and ALJ Elliot's discussion, there are obvious persuasive, specific, and valid reasons for giving little weight to the VA determination, which no reasonable ALJ could ignore.  In fact, Dr. James Bruce conducted an analysis of all evidence in the record and, in May of 2009, found insufficient evidence of any medically determinable impairment during the relevant time period.  AR 28.  Dr. Bruce's conclusion only bolsters ALJ Elliot's prior analysis.  And plaintiff asserts no prejudice in the briefing, and chose not to contest the Commissioner's argument that any error was harmless.  (*See* Def.'s Br. [17] 6).